IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

Richard K. Armstrong #906846 )
New Castle Correctional Facility Annex )
P.O. Box A    M3-207A )
New Castle, IN 47362 )
 )
PLAINTIFF, PRO SE )
 )
VS )
 ) 1:16-cv-2316 TWP-MPB
 ) CAUSE NO._____
Unknown Officer with C. Shepherd )
C. Shepherd, Correctional Officer )
Ms. Stillwell, Internal Affairs ) Civil Rights Complaint [1983]
Ms. J. Klunkerfuss, Internal Affairs )
Mr. H. Andrews, Disciplinary Review Officer )
Mr. T. Andis, Disciplinary Hearing Officer )
Charles Penfold, Grievance Specialist )
Mr. Brian Smith, Superintendent )
 )
IN EACH THEIR INDIVIDUAL & OFFICIAL CAPACITY )
DEFENDANTS )

Comes now, Richard Armstrong #906846, Plaintiff Pro-Se, who presents the following Civil Rights Complaint and claim for compensatory, declaratory and punitive relief as follows:

### INTRODUCTION

1. This action places before the court a lawsuit involving Officers, Internal Affairs and the Administration of the Plainfield Correctional Facility (formerly I.Y.C.), a prison within the Indiana Department of Corrections, charged with the custody and control of approximately 1,800 inmates and the direct control of its staff.

2. The complaint alleges that malicious conduct by said defendants caused mental anguish and long lasting fear of Correctional Officers and Administration of the Indiana Department of Correction Facilities along with hurting family and the affairs thereof.

### II. PARTIES

3. Plaintiff, Richard K. Armstrong #906846 is presently serving a Criminal sentence in the custody of the Indiana Department of Corrections. At all times relevant TO THIS ACTION; Plaintiff was housed at Plainfield Correctional Facility, 727 Moon Road, Plainfield, IN 46168. Plaintiff is currently housed at New Castle Correctional Facility Annex, PO Box A, New Castle, IN 47362.

4. Defendant Brian Smith, at all times relevant to this action was employed as Superintendent of Plainfield Correctional Facility, 727 Moon Road, Plainfield, IN 46168, charged with the custody and care of the Plaintiff. Superintendent Smith is the facilities highest authority, responsible for the appointment, employment and oversight of the facility staff. Oversight of the Facility Operations generally, final appellate authority over institutional grievances and concerns. At all times relevant to this complaint, Superintendent Smith acted under the Color of State Law. He is hereby sued in his individual and official capacity, jointly and severally for those acts and omissions described below.

5. Defendant C. Shepherd, Correctional Officer, at all times relevant to this action was a Correctional Officer at Plainfield Correctional Facility, 727 Moon Road, Plainfield, IN 46168. Charged with the duty of providing supervision of inmate population. At all times relevant to this complaint Officer C. Shepherd acted under the Color of State Law. Officer C. Shepherd is hereby sued in his individual and official capacity, jointly and severally, for these acts and omissions described fully below.

6. Defendant Ms. Stillwell, Internal Affairs Officer, at all times relevant to this action was an Internal Investigator at Plainfield Correctional Facility, 727 Moon Road, Plainfield, IN 46168. Ms. Stillwell duties include investigations of inmate populations. At all times relevant to this complaint Officer Stillwell acted under the Color of State Law. She is hereby used in her individual and official capacity, jointly and severally for these acts and omissions described fully below.

7. Defendant J. Klunkerfuss, Internal Affairs Officer, at all times relevant to this action was and Internal Investigator at Plainfield Correctional Facility, 727 Moon Road, Plainfield, IN 46168. Duties include investigations of inmate population. At all times relevant to this complaint Officer Klunkerfuss acted under the Color of State Law. She is hereby sued in her individual and official capacity, jointly and severally for these acts and omissions described fully below.

8. Defendant Mr. H. Andrews, Disciplinary Review Officer, at all times relevant to this action was the Disciplinary Review Officer at Plainfield Correctional Facility, 727 Moon Road, Plainfield, IN 46168. Duties include screening the inmate population with conduct reports. At all times relevant to this complaint Disciplinary Review Officer, H. Andrews acted under the Color of State Law. He is hereby sued in his individual and official capacity, jointly and severally for these acts and omissions described fully below.

9. Defendant Mr. T. Andis, Disciplinary Hearing Officer, at all times relevant to this action was the Disciplinary Hearing Officer at Plainfield Correctional Facility, 727 Moon Road, Plainfield, IN 46168. Duties include the oversight of Disciplinary Hearing of the inmate population. At all times relevant to this complaint, Disciplinary Hearing Officer T. Andis acted under the Color of State Law. He is hereby sued in his individual and official capacity, jointly and severally for these acts and omissions described fully below.

10. Defendant Unknown, Correctional Officer accompanying Officer C. Shepherd, unknown to plaintiff.

11. Defendant Charles A. Penfold, Grievance Specialist, at all times relevant to this action was the Grievance Specialist at Plainfield Correctional Facility, 727 Moon Road, Plainfield, IN 46168. Duties include review of grievances filed by the inmate population. At all times relevant to this complaint, Grievance Specialist Charles A. Penfold acted under the Color of State Law. He is hereby sued in his individual and official capacity, jointly and severally for these acts and omissions described fully below.

## III. JURISDICTION AND VENUE

12. Jurisdiction is asserted pursuant to the United States Constitution and 42 U.S.C. 1983 to redress the deprivation of those rights secured by the United States Constitution deprived by persons acting under Color of State Law. The court has jurisdiction over these matters pursuant to 28 U.S.C. 1331, 1343 (a)(3).

13. Plaintiff submits claim for compensatory, declaratory and punitive relief.

14. The United States District Court for the Southern District of Indiana, in the County of Marion, is the appropriate venue for the trial pursuant to 28 U.S.C. 1391 (b)(2); The County of Hendricks is where the events complained of have occurred.

## IV. PREVIOUS LAWSUITS

15. Plaintiff has filed One (1) previous lawsuit in which he withdrew because of lack of knowledge, occurred in approximately 1995-1998. Plaintiff could not afford an attorney.

## V. STATEMENT OF FACTS

16. On November 6, 2014 Plaintiff suffered severe mental trauma as a result of malicious intent by several Officers of the Indiana Department of Corrections.

17. On November 6, 2014 Plaintiff was told by Officer C. Shepherd and another officer (name unknown) that a homemade knife (shank) had just been found in his property box.

18. Plaintiff was then offered a confiscation slip to sign, which plaintiff **refused**. Plaintiff was told that he would be receiving a conduct report. See **Exhibit A**: Report of Conduct.

19. On November 8, 2014 Plaintiff was screened by Disciplinary Review Officer, H. Andrews, for a Class A, 106, possession of dangerous/deadly contraband. At this time plaintiff requested an investigation by Internal Affairs. When Disciplinary Review Officer asked what evidence, I requested video of the bed area at the times when my property was secured, packed and brought to segregation. See **Exhibit B**:

20. Plaintiff spoke with two (2) members of Internal Affairs, Ms. Stillwell and Ms. Klunkerfuss. Plaintiff was told by them to advise Disciplinary Hearing Officer that they told me to request a continuance because incident was being looked into further, it never was by them. See **Exhibits C & D**:

21. On November 18, 2014, Plaintiff went in front of Disciplinary Hearing Officer T. Andis. I advised him what the two (2) Internal Affairs Officers said about the continuance. Not only did Disciplinary Hearing Officer T. Andis ignore this request, when he watched the video he stated that ONLY the flashlights could be seen by C. Shepherd and unknown officer packing my belongings. Why then would two (2) Internal Affair Officers watch the video and state what they did?

22. On November 18, 2014 Plaintiff was found guilty of Possession of a Dangerous or Deadly Weapon. See **Exhibit E**: Disciplinary Hearing Officer T. Andis completely ignored my Internal Affairs requests to continue. Plaintiff telling Disciplinary Hearing Officer T. Andis to watch the flashlights he would see that C. Shepherd found homemade knife (shank) elsewhere and placed it in my property box. Disciplinary Hearing Officer T. Andis recommended transfer to a higher level security facility; gave me three hundred sixty (360) days segregation, suspended; loss of my remaining good time, thirty-four (34) days; demoted from Credit Class 2 to Credit Class 3, in which Plaintiff would automatically lose six (6) months credit time that plaintiff can never get back.

23. On December 1, 2014 Plaintiff submitted an Offender Complaint Informal Process Level. On December 8, 2014 Defendant Charles Penfold, Grievance Specialist simply wrote on the complaint that his resolution to said complaint was "Disciplinary Issue". This in fact eliminated Plaintiff steps to Exhaust all forms of Administrative due process. See **Exhibit F**.

24. On December 18, 2014, Plaintiff was transferred from Plainfield Correctional Facility (Level 2 Facility) to Miami Correctional Facility (Level 3 Facility).

25. On December 1, 2014 Plaintiff submitted a Disciplinary Hearing Appeal. See **Exhibit G**. The ONLY issue raised on the appeal was that Officer C. Shepherd and unknown officer, <u>planted</u> the knife on me/in my property box.

26. On January 13, 2015, Superintendent of Plainfield Correctional Facility **DISMISSED** this case due to evidence concerns. If the ONLY ISSUE RAISED was that Officer C. Shepherd and unknown Officer <u>planted</u> the weapon in my property box then for Superintendent Smith to **DISMISS** this report it would seem that all truths in Appeal were admitted to.

27. Once the Appeal was granted then Plaintiff should have been reclassified back to a Lower Security Level Facility. Plaintiff now lives on a Protective Custody Unit due to violence against him at the Higher Security Level Facility.

28. Plaintiff has been issued a Conduct Report since this incident due to the mental part of not trusting any officers to conduct pat downs, shake downs, etc. Doesn't trust anyone that works for the Indiana Department of Corrections.

29. By the pure Malicious intent of Officer C. Shepherd and Officer unknown to me, my family along with myself have suffered mentally and physically. The Screening Officer (DRO) watched the camera evidence and ignored it. The two (2) Internal Affair Officers did not follow up like they wrote on paper and signed. The Disciplinary Hearing Officer (DHO) completely disregarded Video Evidence and the truth of the matter is he did it to cover the truth for his fellow Officers. Superintendent Brian Smith hired all Officers involved, which holds him liable.

30. Plaintiff has prolonged spells of depression followed by prolonged spells of anxiety. Plaintiff has lost contact with family. Officer C. Shepherd and Officer unknown to me, started this process that has caused this action.

## VI. EXHAUSTION OF ADMINISTRATIVE REMEDIE

31. Plaintiff has timely exhausted all of his Administrative Remedies available to him prior to filing this Complaint.

## VII. CAUSE OF ACTION

32. Defendants C. Shepherd and Officer, unknown to me who were packing property acted with deliberate indifference and malicious intent by planting homemade knife (shank) in my property box, violating Plaintiffs rights, Constituting Cruel and Unusual Punishment, Abuse of Discretion, Violations of the 4th, 8th and 14th Amendments to the United States Constitution.

33. Other Defendants cited in this suit Ms. Stillwell Internal Affairs, Ms. Klunkerfuss Internal Affairs, H. Andrews DRO, T Andis DHO, Charles Penfold Grievance Specialist and Brian Smith Superintendent ended up having knowledge of C. Shepherds maliciousness and only Mr. Brian Smith Superintendent, admitted to it.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prayers that this court enters an order:

34. Issuing declaratory relief declaring that the acts and omissions of the defendants have violated Plaintiffs rights, and stating the Defendants duties with respect to the rights:

35. Issuing compensatory damages for the unnecessary mental anguish and emotional suffering. Along with the physical trauma when assaulted at Miami Correctional Facility. In the Amounts that follows: $50,000.00 per Defendant in their Official Capacity and another $50,000.00 per Defendant in their personal Capacity.

36. Issuing Punitive damages for the malicious, reckless or criminal intent of $25,000.00 per Defendant in their Official capacity and an additional $25,000.00 per Defendant in their personal capacity.

37. Issuing Declaratory damages of $25,000.00 per Defendant in their Official capacity and an additional $25,000 per Defendant in their personal capacity.

38. Totals:

| | Official Capacity | Personal Capacity |
|---|---|---|
| Compensatory Damage | $400,000.00 | $400,000.00 |
| Punitive Damage | $200,000.00 | $200,000.00 |
| Declaratory Damage | $200,000.00 | $200,000.00 |
| **Totaling** | $800,000.00 | $800,000.00 |

39. Any other relief that this court may see just and proper.

40. **Trial by Jury** is hereby demanded on all claims alleged herein, and the parties are hereby given notice, pursuant to Fed. R. Civ. P38 (a)-(c).

Respectfully Submitted this 22nd day of August 2016.

## IX. VERIFICATION

Pursuant to 28 U.S.C. 1746, I Richard Armstrong #906846, declare and verify, under penalty of perjury under the laws of the United States of America, that I have read the foregoing and that it is true and correct to the best of my belief and knowledge.

Dated this 22nd day of August 2016.