UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD K. ARMSTRONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-02316-TWP-MPB |
| ) | |
| UNKNOWN OFFICER with C. Shepherd, ) | |
| C. SHEPHERD Correctional Officer, ) | |
| STILLWELL Ms., Internal Affairs, ) | |
| J. KLUNKERFUSS Internal Affairs, ) | |
| H. ANDREWS Disciplinary Review Officer, ) | |
| T. ANDIS Disciplinary Hearing Officer, ) | |
| CHARLES PENFOLD Grievance Specialist, ) | |
| BRIAN SMITH Superintendent, ) | |
| ) | |
| Defendants. ) | |

**Entry Denying Motion for Counsel, Dismissing Complaint,
and Directing Further Proceedings**

**I.**

The plaintiff's motion for counsel [dkt. 2] is **denied** as premature. The Complaint is screened below, and the defendants have yet appear in this action. The Seventh Circuit has found that until the defendants have been served and "respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013).

**II.**

The plaintiff is a prisoner currently incarcerated at New Castle Correctional Facility, but the events relevant to his claims all occurred while he was incarcerated at Plainfield Correctional Facility ("Plainfield"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on

the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The plaintiff alleges that defendants Correctional Officer C. Shepherd and another unknown officer planted a shank in his property box. They subsequently informed him that a shank was found during a search of his property box and that he would be charged in a Conduct Report for possession of dangerous contraband. Two internal affairs officers told the plaintiff that they were looking into the incident and he should request a continuance for his disciplinary hearing. The plaintiff requested a continuance, but the hearing officer ignored this request, held the disciplinary hearing, and found him guilty on November 18, 2014.

The plaintiff filed a disciplinary hearing appeal to the Superintendent of Plainfield on December 1, 2014, arguing that the shank was planted on him. He was transferred to Miami Correctional Facility on December 18, 2014. On January 13, 2015, the Superintendent dismissed the Conduct Report against the plaintiff.

Based on the foregoing allegations, the plaintiff brings constitutional claims pursuant to 42 U.S.C. § 1983 against Correctional Officer C. Shepherd and the unknown officer for planting a shank in his property box, and against the Superintendent of Plainfield and several other Plainfield employees who were involved in the disciplinary process.

None of the plaintiff's allegations rise to the level of a constitutional violation. The core of the plaintiff's allegations is that he was falsely charged with a Conduct Report by the officers who planted a shank in his property box. But the plaintiff does not have a due process right to avoid false disciplinary charges "because ordinarily, 'even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process.'" *Lagerstrom v. Kingston*, 463 F.3d 621, 624-25 (7th Cir. 2006) (quoting *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999)); *see Hanrahan v. Lane*, 747 F.2d 1137, 1141 (7th Cir.1984) ("We find that an allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in *Wolff v. McDonnell* are provided."). Any impropriety with the Conduct Report itself would be properly addressed during the disciplinary proceedings, the result of might be challenged in a habeas proceeding, not a civil rights action such as this one. But here, the plaintiff's charges were dismissed on appeal, thus there appears nothing to challenge at all.

Nor does the plaintiff state a § 1983 claim based on an Eighth Amendment violation. The Seventh Circuit has noted that "'a frame-up or malicious prosecution is not an example of punishment in the sense of the Eighth Amendment.'" *Lagerstrom*, 463 F.3d at 625 (quoting *Leslie v. Doyle*, 125 F.3d 1132, 1136-37 (7th Cir. 1997)).

Finally, the plaintiff does not allege a First Amendment violation because he does not allege that the shank was planted in his property box in retaliation for the exercise of a constitutionally protected right. But even if he did, he would still not state a claim because his disciplinary charge was eventually dismissed. *See Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009) ("A single retaliatory disciplinary charge that is later dismissed is insufficient to serve as the basis of a § 1983 action.").

Accordingly, the plaintiff has failed to allege a constitutional violation such that his complaint brought pursuant to § 1983 states a claim.

### III.

The plaintiff's complaint must be dismissed for each of the reasons set forth above. The plaintiff shall have **through September 29, 2016,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Date: 9/1/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RICHARD K. ARMSTRONG
906846
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362